# UNITED STATES DISTRICT COURT
for the
District of Alaska

Petition for Action on Conditions of Pretrial Release

| | |
|---|---|
| **Name of Defendant:** | Kimberly Renee Mackey     **Case Number:** 3:21-CR-00031-006-JMK-DMS |
| **Name of Judicial Officer:** | Honorable Deborah M. Smith, Chief United States Magistrate Judge |
| **Date of Pretrial Release:** | April 13, 2021 |
| **Charges:** | **Count 2:** Title 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances |
| | **Counts 3-4**: Title 21 U.S.C. § 841(a)(1), (b)(1)(C), Distribution of a Controlled Substance |
| | **Count 5**: Title 21 U.S.C. § 841(a)(1), (b)(1)(A), Possession of a Controlled Substance with Intent to Distribute |
| | **Count 6**: Title 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime |
| | **Count 7:** Title 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(A), Attempted Possession of a Controlled Substance with Intent to Distribute |
| **Case Status:** | Pending trial |
| **Assistant U.S. Attorney:** | Christopher D. Schroeder     **Defense Attorney:** Randall S. Cavanaugh |
| | Karen Elizabeth Vandergaw |

## PETITIONING THE COURT

☐ To issue a summons
☐ To issue a warrant
☒ No further action to be taken

The pretrial services officer believes the defendant has violated the following condition(s) of pretrial release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | The defendant violated the pretrial services release condition "The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner," in that the defendant used methamphetamine between June 15, 2021, and June 28, 2021, as indicated by a positive sweat patch result confirmed by PharmChek Laboratory. |

**DECLARATION AND RECOMMENDATION:**

On March 18, 2021, an Indictment was filed in the U.S. District Court for the District of Alaska charging the defendant with the above cited offenses, and a Warrant was issued the same date. The defendant was arrested on April 7, 2021.

On April 12, 2021, the defendant appeared before the Honorable Deborah M. Smith, Chief Magistrate Judge, and was ordered released April 13, 2021, with conditions to include pretrial supervision, drug testing, and substance abuse treatment.

On April 13, 2021, the defendant reported to the U.S. Probation and Pretrial Services office for intake. Her Conditions of Release, Urinalysis Testing Agreement, and Sweat Patch Agreement were reviewed and signed by the defendant. A sweat patch was applied to her arm and the defendant attempted to provide a specimen for urinalysis testing but was unable to produce a sample.

On April 19, 2021, during phone contact with the defendant, this officer noted she exhibited rapid speech and a very excitable demeanor. This was incongruent with the defendant's previous displayed mannerisms. This officer directed her to report to the U.S. Probation and Pretrial Services office for a urinalysis test. The defendant reported and was unable to provide a specimen.

On April 20, 2021, the defendant reported to the U.S. Probation and Pretrial Services office as directed for a urinalysis test. The defendant was unable to provide a specimen.

On April 21, 2021, the defendant reported to the U.S. Probation and Pretrial Services office as directed for a urinalysis test. The defendant provided a specimen that tested negative.

On April 27, 2021, this officer was notified the defendant's sweat patch tested positive for methamphetamine. The defendant reported to U.S. Probation and Pretrial Services office, this same date, for a urinalysis test. The defendant provided a specimen that tested negative. This officer discussed the defendant's positive result from the sweat patch. The defendant admitted to using methamphetamine daily prior to her arrest which was not previously known to U.S. Probation and Pretrial Services. She reported she last used methamphetamine two days prior to her arrest but stated she had not used any illicit substances during her six days in jail or following her release to pretrial supervision. This officer contacted PharmChek laboratory to inquire if someone could test positive for methamphetamine eight days after use as described by the defendant. They reported methamphetamine is metabolized within 72 to 96 hours and would not remain in someone's system for eight days.

On April 29, 2021, a Petition for Action was filed due to the defendant testing positive for methamphetamine. The defendant denied any substance use and this officer recommended no action to allow her the opportunity to complete her substance abuse assessment and engage in any recommended treatment. On May 4, 2021, the Honorable Deborah M. Smith, Chief U.S. Magistrate Judge, concurred with this officer's recommendation; no action was taken at that time.

On May 11, 2021, this officer was notified the defendant's sweat patch, which was applied on April 20, 2021, tested positive for methamphetamine. The defendant stated she had not used any illicit substances other than the use she previously described which occurred prior to her arrest. This officer contacted PharmChek Laboratory to inquire if it were possible her use prior to arrest could result in a positive test at this time. They reported there is no research that supports methamphetamine remaining in someone's system for 15 plus days from the date of last usage as described by the defendant.

On May 18, 2021, this officer filed a Petition for Action due to the defendant testing positive for methamphetamine. The defendant denied any substance use and this officer recommended no action to allow her the opportunity to complete her substance abuse assessment and engage in any recommended treatment.

On May 18, 2021, the Honorable Deborah M. Smith, Chief U.S. Magistrate Judge, concurred with this officer's recommendation; no action was taken at that time.

On May 25, 2021, this officer was notified the defendant's sweat patch, worn between May 4 and 18, 2021, tested positive for methamphetamine. The defendant stated she had not used any illicit substances other than the use she previously described which occurred prior to her arrest. She yelled at this officer that she would not admit to something she did not do. On this date the defendant provided a urine sample which tested negative for all substances.

On June 1, 2021, this officer filed a Petition for Action requesting a summons due to the defendant testing positive for methamphetamine.

On June 7, 2021, this officer was notified the defendant's subsequent sweat patch, worn between May 18 and June 2, 2021, tested positive for methamphetamine. This officer contacted her treatment counselor to relay the positive test results and it was discussed the defendant's recommended level of treatment may need to be reevaluated.

On June 10, 2011, this officer discussed the most recent sweat patch results with the defendant. She again stated she had not used methamphetamine and was unsure why the patches continue to show positive results. She stated she was attending her treatment group meetings and one-on-one sessions as required and reported treatment was going well.

On June 11, 2021, this officer filed a Superseding Petition for Action due to the defendant testing positive for methamphetamine on June 7, 2021.

On June 14, 2021, the defendant appeared before the Honorable Deborah M. Smith, Chief U.S. Magistrate Judge. The defendant's conditions of release were ordered to remain as set. On this same date the defendant was also reassessed with a recommendation for residential substance abuse treatment.

On June 17, 2021, the defendant entered residential substance abuse treatment.

On June 21, 2021, this officer was notified the defendant's sweat patch, worn between June 2, and June 15, 2021, tested positive for methamphetamine. The defendant stated she has not used any substances and believes that since she is in a new environment, her future patches will be negative. The defendant's counselor stated the defendant is adjusting well to treatment and has been engaged in groups thus far.

On June 28, 2021, this officer filed a Petition for Action requesting no further action due to the sweat patch being worn prior to the defendant's entry into residential treatment. This officer recommended the defendant be allowed to remain at treatment. On the same date the Honorable Deborah M. Smith, Chief U.S. Magistrate Judge, concurred with this officer's recommendation; no action was taken at that time.

On July 7, 2021, this officer was notified the defendant's sweat patch, worn between June 15, and June 28, 2021, tested positive for methamphetamine. Of note, the level of methamphetamine has significantly decreased from the defendant's prior sweat patches. The defendant relayed previously she was intent upon proving she was clean, and the tests were inaccurate. However, she stated she now realizes she needs to focus on moving forward and her sweat patches placed after her arrival at treatment will be negative.

The defendant is assessed as a risk of nonappearance based on the following factors:

- Offense Charged
- Substance Abuse History

The defendant is assessed as a danger to the community based on the following factors:

- Nature of Instance Offense
- Criminal Association(s)
- Substance Abuse History

The defendant's counselor noted she is fully engaged in the program and there have not been any issues. There is a possibility the drug use that caused the most recent positive sweat patch could have occurred prior to her entry into residential treatment as the patch was placed on her two days prior. Based on this and her current compliance with the program, this officer respectfully recommends no further action be taken so that she may remain engaged in her treatment program.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 15th day of July at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

Rachel Kosakowski
U.S. Probation Officer
July 15, 2021

Approved by:

Supervisory U.S. Probation Officer